1
2
3
4
5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7

8 ESPERANZA HOPE PHAM,                    )
                                          )
9            Plaintiff,                    )        Case No.  2:11-cv-01148-KJD-GWF
                                          )
10 vs.                                     )        **ORDER**
                                          )
11 WAL-MART STORES, INC., d/b/a SAM'S CLUB )        **Motion for Protective Order**
   STORE #6382, *et al.*,                  )        **(#18); Counter-Motion to Compel**
12                                         )        **(#27)**
             Defendants.                   )
13 _____     )

14          This matter is before the Court on Defendants Wal-Mart Stores, Inc.'s and Sam's West,

15 Inc.'s Motion for Protective Order (#18), filed on October, 3, 2011; Plaintiff's Response to

16 Defendants' Motion for Protective Order and Counter-Motion to Compel (#26, #27), filed on

17 October 18, 2011; Defendants' Reply in Support of Motion for Protective Order (#31), filed on

18 October 28, 2011; and Defendants' Response to Countermotion to Compel (#36), filed on

19 November 4, 2011.  The Court conducted a hearing in this matter on November 7, 2011.

20                                    **BACKGROUND**

21          Plaintiff Esperanza Hope Pham alleges that on April 7, 2010 she was a customer at Sam's

22 Club Store #6382 in Las Vegas, Nevada.  Plaintiff inquired about the purchase of a mattress from a

23 store employee, Defendant Nic Hestand.  Mr. Hestand allegedly pulled a mattress display apparatus

24 out from underneath a shelf and invited the Plaintiff to lie down on the mattress to test it.  The

25 mattress sat on a bed frame which had fixed casters.  As Plaintiff lay down on the mattress, the

26 apparatus "receded back underneath the metal shelf causing her head to crash against the metal

27 shelf, resulting in severe and debilitating mental and physical injuries." *Amended Complaint (#21)*,

28 ¶ 9.

1    Plaintiff alleges that Defendants Wal-Mart and Sam's Club were negligent because they

2  knew or should have known that the mattress display apparatus was dangerous and failed to take

3  sufficient action to prevent injury to their customers.  In this connection, Plaintiff alleges that there

4  were no wheel locks or wheel chocks to prevent unexpected movement of the apparatus.  Nor did

5  Defendants give any "warnings to alert or inform patrons of the danger of inward movement of the

6  bed with minimal force or body movement into the heavy metal cross member of the shelf."  ¶ 10.

7  Plaintiff also alleges a claim for products liability and negligence against the

8  manufacturer/distributor of the mattress display apparatus, Defendants National Bedding Company,

9  LLC and/or Serta Inc.  (hereinafter "Serta").  *Amended Complaint (#21)*, ¶¶ 19-22.

10   Plaintiff served requests for production of documents on Defendants Wal-Mart and Sam's

11  Club on August 24, 2011, to which Defendants responded on September 23, 2011.  The only

12  request at issue is Request No. 9 which states as follows:

13          For the five-year period prior to ESPERANZA HOPE PHAM's April
            7, 2010 incident at SAM'S CLUB STORE #6382, for all Wal-Mart
14          Stores, Inc. nationwide, Sam's Club Stores nationwide, and SAM'S
            WEST INC. stores nationwide, produce the prelitigation CMI claim
15          forms, customer statements, witness statements, and other
            nonprivileged statements regarding each such incident wherein it is
16          alleged a person was injured on a like or similar mattress display
            apparatus on which ESPERANZA HOPE PHAM was injured on
17          April 7, 2010. (You may redact social security numbers from the
            information.)
18
19   Defendants objected to Request No. 9 on the grounds that it is overly broad, unduly

20  burdensome and not calculated to lead to the discovery of admissible evidence.  Defendants also

21  objected to the request as improperly seeking information violative of third party privacy rights.

22  Defendants represent that the mattress display apparatus has been used in Sam's Club stores in the

23  United States since approximately three years before Ms. Pham's accident. Based on the

24  representation that the apparatus has only been used in Sam's Club stores, Plaintiff agreed to limit

25  Request No. 9 to those stores.  Defendants requested that Plaintiff further limit the request to prior

26  incidents at the Sam's Club store where Ms. Pham's accident occurred.  Plaintiff rejected this

27  limitation.  Defendant then provided the information that no similar incidents occurred at the

28  subject store within the five years preceding Ms. Pham's accident.

2

In support of their assertion that Request No. 9 is unduly burdensome, Defendants submitted a declaration by their Nevada defense counsel, Brandon P. Smith, who states that "[t]he facts set forth in this declaration are known to me personally and if called upon to do so, I would competently testify at trial under oath regarding same." *Motion for Protective Order (#18), Declaration of Brandon P. Smith ("Smith Declaration")*, ¶ 1. Without any further explanation of the basis for his knowledge, Mr. Smith states that "[i]ncident claims within Defendants' stores are characterized by a set number of categories (e.g. 'slip and fall' or 'falling merchandise'). However, a rare and unique claim such as Plaintiff's does not fall cleanly into any one category and thus Defendants must search through multiple categories, including 'struck by objects' and 'other' categories." *Smith Declaration*, ¶ 8.

Mr. Smith states during the five year period preceding April 7, 2010, there were a total of 19,469 claims, covering all categories of incidents or accidents for Wal-Mart and Sam's Club stores in the United States. Mr. Smith stated that in order to determine if any of these claims involved similar incidents, the 19,469 claims files would have to be individually reviewed by Defendant's attorneys. He estimates that a five minute review of each claim file would result in 1,622.5 hours in attorney time simply to locate any similar incidents. *Smith Declaration*, ¶ 9. In response to Plaintiff's agreement to limit the request to prior incidents at Sam's Club Stores, Defendants state that the number of potentially responsive claims is 673, but that Defendants "would still be required to ship each claims file to defense counsel and counsel would then be required to evaluate each individual claim to determine the responsiveness of each to Plaintiff's request." *Defendant's Reply (#31), p.4.*

Plaintiff points out that Wal-Mart has a wholly owned entity, CMI, Inc., which investigates and adjusts accident claims on behalf of Wal-Mart and Sam's Club. Following an incident or accident, store personnel complete an incident report form on the Wal-Mart/ CMI, Inc. website. *See Plaintiff's Response/Countermotion (#26, #27), Exhibit 9* (CMI, Inc. report form for Ms. Pham's accident). Plaintiff argues that Wal-Mart or CMI should be able to identify relevant claims through electronic word searches of such records. The CMI incident report form for Ms. Pham's accident, however, did not specifically identify how the accident occurred. Defendants indicate that

3

1  the CMI's electronic records do not contain such specificity and it is therefore not possible to

2  identify other potential claims involving the mattress display apparatus through computer word

3  searches or other similar search methods.

4  **DISCUSSION**

5      A party is generally entitled to obtain production of non-privileged documents in the

6  possession, custody or control of the responding party that are relevant to the parties' claims or

7  defenses.  Pursuant to Fed.R.Civ.Pro. 26(b)(2)(C), however, the court may limit or preclude even

8  relevant discovery if the burden and expense of the proposed discovery outweighs its likely benefit.

9      The Court first disposes of Defendants' argument that information regarding prior incidents

10  involving the mattress display apparatus are irrelevant.  Defendants repeatedly argue that this case

11  involves a product defect claim against the manufacturer-distributor, Serta, and that Plaintiff should

12  direct her discovery requests to Serta, or that such discovery should first be sought before Wal-

13  Mart/Sam's Club is required to respond to Request No. 9.  This case also involves a negligence

14  claim against Defendants Wal-Mart/Sam's Club.  In order to prove that claim, Plaintiff may be

15  required to show that Wal-Mart/Sam's Club knew or should have known that the mattress display

16  apparatus was unreasonably dangerous.[1]  Evidence of prior similar accidents at Sam's Club stores

17  involving the same apparatus would clearly be relevant to establishing whether Defendants were on

18  notice that the apparatus was dangerous because of its defective design.  *Southern Pac. Co. v.*

19  *Watkins*, 83 Nev. 471, 486, 435 P.2d 498, 508 (1967) (prior similar accidents relevant to prove

20  notice).  *See also Galloway v. McDonalds Restaurants*, 102 Nev. 534, 536, 728 P.2d 826 (1986)

21  (evidence regarding the lack of prior accidents may negate a finding of notice).  There is no

22  legitimate reason to postpone discovery on the notice issue.

23      Defendants have the burden of demonstrating that Request No. 9, as limited to Sam's Club

24  stores, is unduly burdensome.  *Residential Constructors, LLC v. Ace Prop. and Cas. Ins. Co.*, 2006

25  WL 3149362, *9 (D.Nev. 2006); *Cory v. Aztec Steel Bldg., Inc.,* 225 F.R.D. 667, 672 (D.Kans.

26  _____

27      [1] Even without evidence of prior accidents, Defendants may be liable if their employee, Mr.
Hestand, was negligent in failing to adequately secure the display apparatus before having Plaintiff

28  lie down on it.

2005) and *Carlton v. Union Pacific. R. Co.,* 2006 WL 2220977 (D.Neb. 2006).  In order to satisfy this burden, the objecting party must provide sufficient detail regarding the time, money and procedures required to produce the requested documents.  *Cory v. Aztec Steel Bldg., Inc.*, at 672. The fact that production of documents will be time consuming and expensive is not ordinarily a sufficient reason to grant a protective order if the requested material is relevant and necessary to the discovery of admissible evidence.  *In re Toys "R" Us-Delaware, Inc. Litigation*, 2010 WL 4942645, *6 (C.D.Cal. 2010).

In addressing assertions similar to those raised by Defendants in this case, the court in *Thomas v. Cate*, 715 F.Supp.2d 1012, 1033-34 (E.D.Cal. 2010) stated:

> The fact that a responding party maintains records in different locations, utilizes a filing system that does not directly correspond to the subjects set forth in Plaintiffs' interrogatory, or that responsive documents might be voluminous does not suffice to sustain a claim of undue burden. *Cf. Caterpillar, Inc. v. Detroit Diesel Corp.,* 1997 U.S. Dist. LEXIS 2466, 1997 WL 33165848, *4 (N.D.Ind.1997). See also Simon v. Pronational Insurance Co.,* 2007 U.S. Dist. LEXIS 96318, 2007 WL 4893477, *2 (S.D.Fla.2007) (in granting plaintiff's motion to compel documents regarding similarly situated policy holders over a six-year period, held that defendant's claim of undue burden was insufficient to preclude production; noted that a company cannot sustain a claim of undue burden by citing deficiencies in its own filing system); *Kelly v. Montgomery Lynch & Associates, Inc.,* 2007 U.S. Dist. LEXIS 93651, 2007 WL 4412572, *2 (N.D.Ohio 2007) (in granting plaintiff's motion to compel, rejected defendant's claim of undue burden, notwithstanding defendant's proffer that its "filing system is not maintained in a searchable way and the information sought would require 'manually searching through hundreds of thousands of records.'")

> *Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co.,* 2008 WL 795815 * 6, 2008 U.S. Dist. LEXIS 106695 * 17 ( D.Col. 2008).  The fact that, according to Remy's declaration, it would take approximately one-hundred and eleven hours to conduct the data review necessary to respond to Interrogatory No. 8 is insufficient to establish an undue burden.  *Accord Azimi,* 2007 WL 2010937 at *7-8, 2007 U.S. Dist. LEXIS 49762 at *24-26 (D.Kan.2007) (responding party's estimate that it would take more than 100 hours and at least two months to locate and print information sought held insufficient to establish undue burden); *Beach v. City of Olathe,* 203 F.R.D. 489, 493-94 (D.Kan.2001) (overruling objection where responding to interrogatory required hundreds of hours of document review); *Weller v. Am. Home Assur. Co.,* 2007 WL 1097883 *4-5, 2007 U.S. Dist. LEXIS 27284 *12-14 (N.D.W.Va.2007) (overruling objection

5

despite responding party's affidavit which stated response would entail "at least hundreds of man hours").

In support of her opposition and countermotion, Plaintiff cites cases in which courts have ordered Wal-Mart or other national retailers such as Home Depot to produce claim or lawsuit records regarding prior similar accidents. *See Fears v. Wal-Mart Stores, Inc.*, 2000 WL 1679418 (D.Kans. 2000); *Walker v. Wal-Mart Stores, Inc.*, 2007 WL 1031576 (D.Mont. 2007); *Greenwalt v. Wal-Mart Stores, Inc.*, 253 Neb. 32, 567 N.W.2d 560 (Sup.Ct.Neb. 1997); and *Dipesa v. Home Depot USA, Inc.*, 245 F.R.D. 53 (D.Mass 2007). Defendants argue, however, that in none of these cases were the defendants ordered to produce information or records on a "nationwide" basis.

*Walker v. Wal-Mart Stores, Inc.* is, perhaps the closest case on point to this case. The plaintiff in *Walker* was allegedly injured by an "automatic shopping cart pusher" known as a "QuickKart." The plaintiff sought information regarding other accidents involving this device. The court ordered Wal-Mart to produce discovery for any and all lawsuits involving the "QuicKart" for a period of five years prior to plaintiff's accident. The court noted that the imposition of "nationwide" discovery was not unduly burdensome because the "QuicKart" device was not used in the majority of Wal-Mart stores and Wal-Mart had a list of each store that used the device. As *Walker* demonstrates, "nationwide" discovery is not *per se* unduly burdensome. Rather, it is one factor that the Court must consider in determining the actual burden imposed by the requested discovery.

The Defendants, in this case, have not met their burden of showing that the discovery sought by Plaintiff will, in fact, be unduly burdensome. First, the requested discovery in this case is directed at obtaining information regarding accidents involving a particular device, the mattress display apparatus, which Defendants concede has been used in Sam's Club stores located throughout the United States since approximately 2007.[2] Although the territorial scope of the request is broad, its subject matter is relatively narrow. This latter fact distinguishes this case from

---

[2] It is not clear whether the apparatus has been used in all Sam's Club stores or whether Defendants can narrow the scope of their search based on information similar to that in *Walker.*

6

1   *Sattari v. Citi Mortgage*, 2010 WL 4782133 (D.Nev. 2010) which is relied on by Defendants.  The

2   interrogatory at issue in *Sattari* sought information concerning all other lawsuits filed against the

3   defendant during a four year period.  The interrogatory was not limited by subject matter and

4   clearly was not reasonably calculated to lead to the discovery of admissible evidence.

5           Defendants have not provided competent or reliable information regarding their record

6   keeping system or the effort that would actually be required to find and produce the requested

7   documents.  Notwithstanding Defendants' counsel's declaration, there is no reason to believe that

8   he has personal knowledge of Wal-Mart/Sam's Club's record keeping practices or the number of

9   claim files that would potentially have to be reviewed.  The declaration does not identify the source

10  of the information set forth therein.  It also strikes the Court as unreasonable that a national retailer

11  such as Wal-Mart/Sam's Club would not have adequate procedures in place to ensure that injury

12  claims, involving specific products or equipment used throughout its stores, are reported and

13  maintained in a centralized manner so that other stores can be warned of potential dangers and

14  corrective measures can be taken if necessary.  Defendants are not excused from producing relevant

15  information in their possession, custody and control because of unreasonable deficiencies in their

16  record keeping system.

17          According to Defendants, there were 673 claims at Sam's Club stores, nationwide, within

18  the five years prior to April 7, 2010 that involved individuals who were reportedly "struck by

19  objects" or whose accidents or injuries fall within the non-specific "other" category.  Even if the

20  Court accepts Defendants' assertion that it will take approximately five  minutes to review each

21  claim file to determine if the incident involves the subject mattress display apparatus, the total time

22  required to initially review the files will be just over 56 hours.  That amount of time does not

23  qualify as an undue burden. *Thomas v. Cate, supra*.  The actual time required to locate and produce

24  relevant documents will probably not be as great as Defendants' counsel claims.  The determination

25  whether a particular claim involves the subject apparatus can probably be made within a minute or

26  less.  Thus, the actual time required to initially review all 673 files is likely to be substantially less

27  than 56 hours.  The additional time required to inspect and produce responsive documents from

28  claim files that actually involved the subject mattress display device cannot be estimated until the

number of such claims, if any, is determined.   Because of the narrow scope of the request, however, the time required for further review and production is not likely to be substantial, unless there has been an extraordinary number of accidents involving the mattress display apparatus.

Request No. 9 seeks the production of the pre-litigation CMI claim forms, customer statements, witness statements, and other nonprivileged statements regarding each incident.  The pre-litigation CMI claim form referenced in the request is the computer form that is completed when the Sam's Club store reports an accident claim to CMI and which provides basic information about the claim. *See Plaintiff's Response/Countermotion (#26, #27), Exhibit 9.*  Plaintiff's counsel made clear at the hearing that Plaintiff does not presently request the production of documents containing Defendants'/CMI's evaluation of fault or liability for the subject incidents.  Nor does Plaintiff request any medical records or specific medical treatment information regarding any injured persons.  The Court therefore finds that the types of documents requested by Plaintiff are reasonably limited in scope and are not likely to include privileged or confidential information.[3]

Defendants have raised the alleged privacy interests of other claimants.  Plaintiff has stipulated, and the Court confirms that Defendants should redact the social security numbers of any injured persons or witnesses whose statements or identity may otherwise be disclosed.  In the absence of a specific showing that good cause exists for not disclosing a particular claimant's name, address or telephone number, however, the Court finds no basis for redacting such information on privacy grounds.

## CONCLUSION

The Court finds that the information sought in Plaintiff's Request for Production No. 9 is relevant and is clearly calculated to lead to the discovery of admissible evidence.  The request, as limited to prior incidents at Sam's Club stores, is reasonably limited in subject matter and is not unduly burdensome, notwithstanding that its territorial scope is nationwide.  The burden imposed

---

[3] While it is possible that Defendants obtained some statements in anticipation of litigation, Defendant did not assert the work-product doctrine as a grounds for the requested protective order. In any event, Plaintiff has demonstrated substantial need for the information and she cannot reasonably obtain the requested information through other independent means.

1  on Defendants in responding to this request is due, in substantial part, to the deficiencies in their

2  accident reporting and record keeping system.  Based on the time that Defendant will reasonably

3  need to assemble and review the subject claim files, the Court will give Defendants thirty (30) days

4  from the entry of this order to produce documents responsive to Request No. 9.  Accordingly,

5     **IT IS HEREBY ORDERED** that  Defendants Wal-Mart Stores, Inc.'s and Sam's West,

6  Inc.'s Motion for Protective Order (#18) is **denied.**

7     **IT IS FURTHER ORDERED** that Plaintiff's Counter-Motion to Compel (#27) is **granted**

8  subject to the foregoing provisions of this order.  Defendants shall produce documents responsive

9  to Request No. 9 within thirty (30) days from the date of this order, unless, for good cause shown,

10  the Court grants additional time.

11     DATED this 9th day of November, 2011.

12

13

14  GEORGE FOLEY, JR.
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9