UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ESPERANZA HOPE PHAM, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-01148-KJD-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WAL-MART STORES, INC., d/b/a SAM'S CLUB ) STORE #6382, *et al.*, ) | Motion for Protective Order (#94) |
| ) | |
| Defendants. ) | |
| _____ ) | |

      This matter comes before the Court on Plaintiff's Emergency Motion for a Protective Order and to Quash (#94), filed on May 31, 2012; Defendant Fox Marketing Corporation's Opposition (#99), filed on June 6, 2012; and Defendant Wal-Mart Stores' Opposition (#100), filed on June 6, 2012. Plaintiff requests the Court issue a protective order regarding the scope of the deposition of Dr. Voy, which is scheduled for June 12, 2012, and quash a subpeona duces tecum for Plaintiff's medical records. Plaintiff claims that 95% of the records and testimony sought have nothing to do with injuries Plaintiff is claiming in this case and would be an invasion of Plaintiff's privacy and subject her to embarrassment. On June 1, 2012, the Court entered a Minute Order (#96), setting this matter for hearing on Friday, June 8, 2012. Upon review of the pleadings before the Court, the Court vacates the scheduled hearing and enters this written order.

      Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense...." Rule 26 further provides that "[t]he Court may, or good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1). The Court finds Plaintiff has failed to show good cause for the issuance of a protective

order. Plaintiff put her pre-existing physical and mental health at issue when she alleged that as a result of the underlying accident in this case, she suffered past, present and future mental and physical pain and suffering, including but not limited to "a closed head injury with post concussion syndrome, emotional distress and medical expenses." (*Amended Complaint (#21)*, ¶13.) In light of Plaintiff's alleged closed head injury, testimony and medical records regarding Plaintiff's pre-existing mental and physical conditions are relevant and discoverable. Any potential embarrassment Plaintiff may suffer by the disclosure of her medical information is outweighed by the relevancy of her medical records and Dr. Voy's testimony. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for a Protective Order and to Quash (#94) is **denied**.

**IT IS FURTHER ORDERED** that the motion hearing set for Friday, June 8, 2012 is **vacated** with the issuance of this order.

DATED this 7th day of June, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge