**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ESPERANZA HOPE PHAM, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-01148-KJD-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WAL-MART STORES, INC., d/b/a SAM'S CLUB ) STORE #6382, *et al.*, ) | Motion to Strike Third-Party Defendant's Expert Witness (#87) |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's Motion to Strike Third Party Defendant Fox Marketing Corporation's Expert Witness (#87), filed on May 24, 2012; Third Party Defendant's Opposition to Plaintiff's Motion to Strike (#98), filed on June 05, 2012; and Plaintiff's Reply (#105), filed on June 13, 2012.

**BACKGROUND**

Plaintiff Esperanza Hope Pham was allegedly injured on April 7, 2010 by a mattress display apparatus in a Sam's Club store. On May 7, 2012, Third-Party Defendant Fox Marketing disclosed Nancy Fraser as its expert witness pursuant to Fed.R.Civ.Pro 26(a)(2)(B) for the purpose of disputing the reasonableness of Plaintiff's alleged medical expenses resulting from the accident. Plaintiff moves to strike Ms. Fraser as an expert witness on the grounds that Ms. Fraser (1) did not sign her expert witness report, (2) failed to state the basis and reasons for her opinions, and (3) failed to list her qualifications. Plaintiff also argues that Ms. Fraser is not competent to testify as an expert witness in this case because her opinions are not based on customary and reasonable medical expenses in Las Vegas, Nevada and there is no evidence that she is qualified to testify about the reasonableness of medical expenses in Nevada.

**DISCUSSION**

Under Fed. R. Civ. P. 26(a)(2)(A) a party must disclose and identify the expert witnesses it intends to call at trial. *See Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 298 (D.Nev. 1998). Rule 26(a)(2)(B) further requires that if the expert witness is one retained or specially employed to provide expert testimony in the case, the disclosure must be accompanied by a written report prepared and signed by the witness which contains a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the expert witness in forming the opinions; and the exhibits to be used as a summary or support for the opinions. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *CBC Financial, Inc. v. American Safety Indem. Co.*, 2006 WL 5242379, *3 (D.Nev. 2006). The expert disclosure or report must also contain the qualifications of the expert witness, including a list of his/her publications during the preceding ten years, the expert's compensation, and a list of other cases in which the expert has testified during the preceding four years. *CBC Financial, Inc.*, 2006 WL 5242379, *3.

The expert's report is required to state "how and why" the expert reached the particular conclusion(s). *Great American Ins. Co. of New York v. Vegas Const. Co. Inc.*, 2007 WL 2375056, *4 (D. Nev.2007). The test of a report is whether it is sufficiently complete and detailed so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced. *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 298 (D.Nev. 1998). "A report is deficient if it fails to include any of the underlying conclusions on which the expert's ultimate opinions are based." *In re Central Indus. Development Co.*, 427 B.R. 149, 156 (N.D.Cal. 2009); quoting *Atkins v. County of Orange*, 372 F.Supp.2d 377, 395 (S.D.N.Y.2009). "Bald conclusions or brief statements of ultimate conclusions with no explanation of the basis and reasons therefore, or the absence of a statement of how the facts support the conclusions, do not satisfy Rule 26(a)(2)(B) requirements." *Id.*

The Third Party Defendant has identified Ms. Fraser as an expert witness on medical pricing and billing. Ms. Fraser apparently analyzed Plaintiff's medical bills and has prepared an audit spreadsheet report which has reduced the amount of each listed item to an amount that Ms.

1  Fraser believes is reasonable. The only explanation provided regarding the basis for the reductions
2  set forth in the spreadsheet is a statement regarding "Bill Audit Methodology" which states as
3  follows:

> This report has been generated based on information provided to Med Legal Consulting Source. The information provided was organized and reviewed to determine the total amount allowable for each medical procedure. Medical procedures, treatment, and diagnostic services were triangulated to corresponding invoices, standards of care and coding comparison to the usual and customary national fees. Based on this process, further medical expertise was applied to the screening to identify any inappropriate, excessive and/or duplication of billing. Reductions in billed charges based on standardized fee references.

10  The Court finds that this statement is insufficient to meet the requirement that the report
11  explain the basis for the expert's opinions in a manner that would reasonably permit the opposing
12  party or her counsel to understand the basis and reasons for the expert's opinion without having to
13  first depose the expert. The brief comments adjacent to the various items on the spreadsheet, and
14  the limited additional information in Ms. Fraser's affidavit submitted in support of the Fox's
15  opposition, also do not satisfy the requirement. Ms. Fraser states in her affidavit that she used "the
16  National Fee Schedule" with a geographic modifier. There is no explanation as to what this
17  National Fee Schedule is, who authored it, or on what basis it constitutes an authoritative source of
18  reasonable fees. Nor does Ms. Fraser provide any explanation regarding the basis for using a
19  geographic modifier to arrive at a reasonable and reliable medical fee schedule for a particular
20  region, state or city. All of these matters should have been addressed in a signed narrative report
21  accompanying the audit report.

22  "If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, the
23  degree and severity of which are within the discretion of the trial judge." *Great American Ins. Co.*
24  *of New*, 2007 WL 2375056, *4, quoting *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont.
25  1998). Fed. Rule Civ. Procedure 37(c)(1) gives the trial judge broad discretion as to the
26  appropriate sanction for the non-compliant party. *FDS Marine LLC v. Brix Maritime Co.*, 211
27  F.R.D. 396, 400 (D.Or. 2001).
28  . . .

1   The failure to provide a report signed by Ms. Fraser is relatively harmless since the audit
2   report bears the name and trademark of Ms. Fraser's company and it is apparent that the audit
3   report was prepared by Ms. Fraser, rather than by counsel.  The Third Party Defendant also
4   provided Plaintiff with Ms. Fraser's audit report, her Curriculum Vitae (CV), fee schedule, and list
5   of cases in which she has testified at trial or deposition prior to the expiration of the expert witness
6   disclosure deadline.  Ms. Fraser's CV appears to sufficiently describe her nursing expertise which
7   is the apparent basis for her opinions in this case.  It is unclear whether Ms. Fraser has authored any
8   publications within the preceding 10 years.  To the extent she has, the disclosure should be
9   supplemented to list such publications.
10  Discovery in this case has been extended until November 16, 2012 for other purposes and
11  trial will not be delayed by affording Third Party Defendant and Ms. Fraser the opportunity to
12  supplement her report to comply with Rule 26(a)(2)(B). Under these circumstances, an order
13  precluding Ms. Fraser from testifying at trial is too severe a sanction.  The Court will instead
14  require Ms. Fraser to provide a signed, supplemental narrative report which explains in sufficient
15  detail the basis and reasons for the reductions in the medical expenses, including how Ms. Fraser
16  determined the reasonableness of the various charges under the standard(s) applicable in the Las
17  Vegas, Nevada medical community.  The Court defers a decision on whether Ms. Fraser's expert
18  testimony satisfies the *Daubert* standards for admissibility until after she submits a supplement to
19  her report.
20  Because the disclosure did not comply with the requirements of Rule 26(a)(2)(B), however,
21  the Court will require Third Party Defendant Fox Marketing Corporation to pay to Plaintiff the
22  reasonable attorney's fees she incurred in bringing the subject motion as an appropriate sanction
23  under Rule 37(c) of the Federal Rules of Civil Procedure.  The Court will also permit  Plaintiff to
24  disclose a rebuttal expert witness to Ms. Fraser's opinion within 30 days after she receives Ms.
25  Fraser's signed, supplemental narrative report.  Accordingly,
26  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Third Party Defendant Fox
27  Marketing Corporation's Expert Witness (#87) is **granted** in part and **denied** in part as follows:
28  . . .

1. On or before **July 10, 2012**, Third Party Defendant Fox Marketing shall serve a supplemental narrative expert report prepared and signed by Ms. Fraser in compliance with this order.

2. Plaintiff shall have 30 days from the receipt of Ms. Fraser's supplemental narrative report to designate a rebuttal expert witness to her opinions. The parties may depose the expert witnesses prior to the discovery cut-off date.

3. Plaintiff is not precluded from hereafter moving to disqualify Ms. Fraser as an expert witness based on the *Daubert* factors.

**IT IS FURTHER ORDERED** that Plaintiff is awarded her reasonable attorney's fees and expenses incurred in bringing this motion**.**

1. Counsel for Plaintiff shall, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2. Counsel for Third Party Defendant shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

. . .
. . .
. . .
. . .

3. Counsel for Plaintiff shall have 7 days from service of the responsive memorandum in which to file a reply.

DATED this 26th day of June, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge