# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ESPERANZA HOPE PHAM, | |
| Plaintiff, | Case No. 2:11-CV-01148-KJD-GWF |
| v. | **ORDER** |
| WAL-MART STORES, INC. , *et al*., | |
| Defendants. | |

Presently before the Court is Defendants' Wal-Mart Stores, Inc. d/b/a Sam's Club Store #6382 ("Wal-Mart"), Sam's West, Inc. ("Sam's"), and Nic Hestand (collectively "Defendants") Motion to Dismiss (#28). Plaintiff Esperanza Hope Pham ("Plaintiff") filed an opposition to which Defendants replied (#44). Plaintiff filed a supplement to her opposition (#45).

**I. Background**

Plaintiff asserts that on April 7, 2010 she was a customer at Sam's Club Store #6382 in Las Vegas, Nevada. Plaintiff inquired about the purchase of a mattress from a store employee, Defendant Nic Hestand. Plaintiff asserts Nic Hestand pulled a mattress display apparatus out from underneath a shelf and invited Plaintiff to lie down on the mattress to test it. The Serta demonstration mattress sat on a bed frame which had fixed casters. As Plaintiff lay down on the mattress, the apparatus "receded

1  back underneath the metal shelf causing her head to crash against the metal shelf, resulting in severe
2  and debilitating mental and physical injuries." Amended Compl. ¶ 10.
3        Plaintiff asserts the apparatus was negligently constructed, controlled, maintained, assembled,
4  installed, advertised and/or operated by all store Defendants. Plaintiff asserts Defendant Nic Hestand
5  and the other store Defendants negligently invited and encouraged Plaintiff to use the apparatus.
6  Additionally, Plaintiff asserts Defendants Wal-Mart and Sam's Club Store, Inc. are the servants,
7  agents and alter egos of each other. Plaintiff filed her Complaint on June 17, 2011 in Nevada state
8  court. Defendants removed the action on July 12, 2011. *Id*. ¶¶ 11-14.
9        Defendants move to dismiss Defendant Wal-Mart from the present action pursuant to Fed. R.
10 Civ. P. 21 without prejudice. Defendants assert Wal-Mart is a parent company of Sam's and Sam's is
11 a wholly owned subsidiary of Wal-Mart. *See* Def.'s Mot. Dismiss 2: 23-26. Defendants argue Wal-
12 Mart is not an indispensable party to the action. *Id*.
13 **II. Analysis**
14       Rule 21 provides: "On motion or on its own, the court may at any time, on just terms, add or
15 dismiss a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "If the test
16 for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so
17 long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348,
18 1349 (9th Cir. 1997) (citing Fed. R. Civ. P. 21).
19       In order to determine whether a party is indispensable under Rule 19 the court must inquire
20 whether a party is "necessary to the suit." *Pit River Home & Agr. Co-op. Ass'n v. United States*, 30
21 F.3d 1088, 1098 (9th Cir. 1994) A party is necessary if: "in that person's absence, the court cannot
22 accord complete relief." Fed. R. Civ. P. 19(a). "Based on Rule 19(a), we evaluate whether (1)
23 complete relief is possible among existing parties and (2) the absent party has a legally protected
24 interest in the outcome of litigation." *Id.* at 1099.
25       Plaintiff's Complaint asserts Wal-Mart and Sam's are both doing business as Sam's Club
26 Store #6382. Plaintiff asserts in her opposition (#35) that granting of Defendants' motion is

prejudicial to Plaintiff and premature. Plaintiff does not refute Defendants' argument that Wal-Mart is not an indispensable party. Plaintiff does not refute Defendants' argument that Plaintiff may obtain complete relief from the remaining parties.

A parent company should not necessarily anticipate it will be named in a suit against its subsidiary because, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation ... is not liable for the acts of its subsidiaries." *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998) (quoting William O. Douglas & Carrol M. Shanks, *Insulation From Liability Through Subsidiary Corporations*, 39 Yale L.J. 193, 193-94 (1929) (discussing the role of subsidiary corporations.)) NRS 41.130 provides for the vicarious liability of employers but does not apply vicarious liability to parent companies. Under Nevada common law, a party is vicariously liable if it had control over the party that was at fault. *National Convenience Stores, Inc. v. Fantauzzi*, 94 Nev. 655, 657, 584 P.2d 689, 691 (1978). Plaintiff's contention that the parent company is vicariously liable is contrary to the common law holding that the parent company is not liable for the acts of its subsidiary.

It is clear that Defendants are separate corporate entities. If the parties are related such that responsibility for a claim is identical, then asserting a claim against both is unnecessary. Plaintiff does not demonstrate why she will not be accorded complete relief among the existing parties if Wal-Mart is dismissed. Nor does Plaintiff demonstrate that Sam's cannot provide complete relief in Wal-Mart's absence. Dismissing Wal-Mart as a party to the lawsuit without prejudice will not prejudice Plaintiff's substantial right. Wal-Mart's interests are assumed by Sam's and do not prevent this Court from proceeding.

Finally, Plaintiff asserts Defendants Wal-Mart and Sam's are servants, agents and alter egos of each other. The doctrine of alter ego or "piercing of the corporate veil" involves holding an individual liable for debts and obligations of the corporation. The corporate cloak is not lightly thrown aside. However, piercing of the corporate veil serves to prevent a corporation from sanctioning fraud or promoting injustice. *North Arlington Med.v. Sanchez Constr.*, 86 Nev. 515, 520,

471 P.2d 240, 243 (1970).

Defendants' website identifies Sam's as a division of Wal-Mart. Plaintiff argues this demonstrates Wal-Mart is the operating entity of Sam's Club and that it is a proper party to the lawsuit. Plaintiff does not allege Defendants are each other's alter egos in order to sanction fraud or promote injustice. Neither Plaintiff nor Defendants make any assertions to indicate Wal-Mart and Sam's relationship is structured for the purposes of fraud. Thus, Defendants are not alter egos of each other. Accordingly, Wal-Mart is not an indispensable party and is dismissed from the present action without prejudice.

### III. Sanctions

Imposing sanctions pursuant to 28 U.S.C. § 1927 requires a finding that counsel acted "recklessly or in bad faith." *U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). Plaintiff has requested Defendants be sanctioned pursuant to 28 U.S.C. § 1927. Plaintiff asserts Defendants have been vexatious and misled the court. Having prevailed, Defendants' assertions in their Motion to Dismiss (#28) are not vexatious nor do they mislead this Court. Plaintiff has not shown Defendants' counsel has acted "recklessly or in bad faith." Accordingly, Plaintiff's request for sanctions is denied.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#28) Defendant Wal-Mart Stores, Inc. is **GRANTED.**

DATED this 28th day of June 2012.

_____
Kent J. Dawson
United States District Judge