1
2
3
4
5
6
7            **UNITED STATES DISTRICT COURT**
8               **DISTRICT OF NEVADA**
9
10   ESPERANZA HOPE PHAM,
11        Plaintiff,                    Case No. 2:11-CV-01148-KJD-GWF
12   v.                                 **ORDER**
13   WAL-MART STORES, INC. , *et al*.,
14        Defendants.
15
16        Presently before the Court is Defendants' Wal-Mart Stores, Inc. d/b/a Sam's Club Store
17   #6382 ("Wal-Mart"), Sam's West, Inc. ("Sam's"), and Nic Hestand (collectively "Defendants")
18   Motion to Dismiss (#28). Plaintiff Esperanza Hope Pham ("Plaintiff") filed an opposition to which
19   Defendants replied (#44). Plaintiff filed a supplement to her opposition (#45).
20   **I. Background**
21        Plaintiff asserts that on April 7, 2010 she was a customer at Sam's Club Store #6382 in Las
22   Vegas, Nevada. Plaintiff inquired about the purchase of a mattress from a store employee, Defendant
23   Nic Hestand. Plaintiff asserts Nic Hestand pulled a mattress display apparatus out from underneath a
24   shelf and invited Plaintiff to lie down on the mattress to test it. The Serta demonstration mattress sat
25   on a bed frame which had fixed casters. As Plaintiff lay down on the mattress, the apparatus "receded
26

1  back underneath the metal shelf causing her head to crash against the metal shelf, resulting in severe

2  and debilitating mental and physical injuries." Amended Compl. ¶ 10.

3        Plaintiff asserts the apparatus was negligently constructed, controlled, maintained, assembled,

4  installed, advertised and/or operated by all store Defendants. Plaintiff asserts Defendant Nic Hestand

5  and the other store Defendants negligently invited and encouraged Plaintiff to use the apparatus.

6  Additionally, Plaintiff asserts Defendants Wal-Mart and Sam's Club Store, Inc. are the servants,

7  agents and alter egos of each other. Plaintiff filed her Complaint on June 17, 2011 in Nevada state

8  court. Defendants removed the action on July 12, 2011. *Id*. ¶¶ 11-14.

9        Defendants move to dismiss Defendant Wal-Mart from the present action pursuant to Fed. R.

10  Civ. P. 21 without prejudice. Defendants assert Wal-Mart is a parent company of Sam's and Sam's is

11  a wholly owned subsidiary of Wal-Mart. *See* Def.'s Mot. Dismiss 2: 23-26. Defendants argue Wal-

12  Mart is not an indispensable party to the action. *Id*.

13  **II. Analysis**

14        Rule 21 provides: "On motion or on its own, the court may at any time, on just terms, add or

15  dismiss a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "If the test

16  for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so

17  long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348,

18  1349 (9th Cir. 1997) (citing Fed. R. Civ. P. 21).

19        In order to determine whether a party is indispensable under Rule 19 the court must inquire

20  whether a party is "necessary to the suit."  *Pit River Home & Agr. Co-op. Ass'n v. United States*, 30

21  F.3d 1088, 1098 (9th Cir. 1994) A party is necessary if: "in that person's absence, the court cannot

22  accord complete relief." Fed. R. Civ. P. 19(a). "Based on Rule 19(a), we evaluate whether (1)

23  complete relief is possible among existing parties and (2) the absent party has a legally protected

24  interest in the outcome of litigation." *Id.* at 1099.

25        Plaintiff's Complaint asserts Wal-Mart and Sam's are both doing business as Sam's Club

26  Store #6382. Plaintiff asserts in her opposition (#35) that granting of Defendants' motion is

1  prejudicial to Plaintiff and premature. Plaintiff does not refute Defendants' argument that Wal-Mart

2  is not an indispensable party. Plaintiff does not refute Defendants' argument that Plaintiff may obtain

3  complete relief from the remaining parties.

4         A parent company should not necessarily anticipate it will be named in a suit against its

5  subsidiary because, "[i]t is a general principle of corporate law deeply 'ingrained in our economic

6  and legal systems' that a parent corporation ... is not liable for the acts of its subsidiaries." *U.S. v.*

7  *Bestfoods*, 524 U.S. 51, 61 (1998) (quoting William O. Douglas & Carrol M. Shanks, *Insulation*

8  *From Liability Through Subsidiary Corporations*, 39 Yale L.J. 193, 193-94 (1929) (discussing the

9  role of subsidiary corporations.)) NRS 41.130 provides for the vicarious liability of employers but

10 does not apply vicarious liability to parent companies. Under Nevada common law, a party is

11 vicariously liable if it had control over the party that was at fault. *National Convenience Stores, Inc.*

12 *v. Fantauzzi*, 94 Nev. 655, 657, 584 P.2d 689, 691 (1978). Plaintiff's contention that the parent

13 company is vicariously liable is contrary to the common law holding that the parent company is not

14 liable for the acts of its subsidiary.

15        It is clear that Defendants are separate corporate entities. If the parties are related such that

16 responsibility for a claim is identical, then asserting a claim against both is unnecessary. Plaintiff

17 does not demonstrate why she will not be accorded complete relief among the existing parties if Wal-

18 Mart is dismissed. Nor does Plaintiff demonstrate that Sam's cannot provide complete relief in Wal-

19 Mart's absence. Dismissing Wal-Mart as a party to the lawsuit without prejudice will not prejudice

20 Plaintiff's substantial right. Wal-Mart's interests are assumed by Sam's and do not prevent this Court

21 from proceeding.

22        Finally, Plaintiff asserts Defendants Wal-Mart and Sam's are servants, agents and alter egos

23 of each other. The doctrine of alter ego or "piercing of the corporate veil" involves holding an

24 individual liable for debts and obligations of the corporation. The corporate cloak is not lightly

25 thrown aside. However, piercing of the corporate veil serves to prevent a corporation from

26 sanctioning fraud or promoting injustice. *North Arlington Med.v. Sanchez Constr.*, 86 Nev. 515, 520,

1    471 P.2d 240, 243 (1970).

2        Defendants' website identifies Sam's as a division of Wal-Mart. Plaintiff argues this

3    demonstrates Wal-Mart is the operating entity of Sam's Club and that it is a proper party to the

4    lawsuit. Plaintiff does not allege Defendants are each other's alter egos in order to sanction fraud or

5    promote injustice. Neither Plaintiff nor Defendants make any assertions to indicate Wal-Mart and

6    Sam's relationship is structured for the purposes of fraud. Thus, Defendants are not alter egos of each

7    other. Accordingly, Wal-Mart is not an indispensable party and is dismissed from the present action

8    without prejudice.

9    **III. Sanctions**

10       Imposing sanctions pursuant to 28 U.S.C. § 1927 requires a finding that counsel acted

11   "recklessly or in bad faith." *U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). Plaintiff has

12   requested Defendants be sanctioned pursuant to 28 U.S.C. **§** 1927. Plaintiff asserts Defendants have

13   been vexatious and misled the court. Having prevailed, Defendants' assertions in their Motion to

14   Dismiss (#28) are not vexatious nor do they mislead this Court. Plaintiff has not shown Defendants'

15   counsel has acted "recklessly or in bad faith." Accordingly, Plaintiff's request for sanctions is denied.

16   **IV. Conclusion**

17       Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#28)

18   Defendant Wal-Mart Stores, Inc.  is **GRANTED.**

19       DATED this 28th day of June 2012.

20

21

22                                    _____

23                                    Kent J. Dawson
                                      United States District Judge

24

25

26

4