UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ESPERANZA HOPE PHAM, | ) |
|         Plaintiff, | ) Case No. 2:11-cv-01148-KJD-GWF |
| vs. | ) **ORDER** |
| WAL-MART STORES, INC., d/b/a SAM'S CLUB STORE #6382, *et al.*, | ) Motion to Compel (#118) |
|         Defendants. | ) |

This matter comes before the Court on Defendants' Motion to Compel Plaintiff to Produce Medical Records of Prior Motor Vehicle Accident (#118), filed on July 27, 2012; Plaintiff's Response to Defendants' Motion (#119), filed on August 10, 2012; and Defendants' Reply (#120), filed on August 20, 2012.

## BACKGROUND

Plaintiff Esperanza Hope Pham was allegedly injured on April 7, 2010 by a mattress display apparatus in a Sam's Club store. As a result of that incident, Plaintiff alleges a closed head injury, neck pain, lumbar pain and left knee pain. On October 6, 2011, in response to Interrogatory No. 9, which asks Plaintiff to identify any other incident where Plaintiff suffered injuries similar to the alleged injuries in this case, Plaintiff indicated that she was involved in an automobile accident in Texas in 2002, where she suffered whiplash. Plaintiff further indicated that the names of her medical providers are unknown. During her deposition on March 29, 2012, Plaintiff stated that, as a result of the 2002 accident, she was treated by her family doctor, who then referred her to a chiropractor to treat her whiplash. On August 9, 2012, after Defendants filed this motion, Plaintiff further supplemented her response to Interrogatory No. 9 stating:

> In approximately 2002, I was involved in an automobile accident where I suffered minor whiplash injury that resolved after physical therapy with a chiropractor. The accident occurred in North Richland Hills, Texas. I don't know the name of the chiropractor. The whiplash injury resolved.
>
> In approximately 2008, I was involved in a minor automobile accident. The accident occurred in the Eastern, Tropicana, Pecos area of Las Vegas, Nevada. I have no recollection of being treated medically for the accident.

In response to Defendants' request for production of all medical records relating to the 2002 and 2008 automobile accidents, Plaintiff indicates that she is not in possession of any records related to either accident.

Defendants request the Court to compel Plaintiff to produce all medical records relating to Plaintiff's prior 2002 and 2008 motor vehicle accidents. Defendants claim the records are relevant and should be produced because Plaintiff is currently alleging injuries to her spine and neck, which are similar in nature to her alleged whiplash sustained in the 2002 accident. Defendants argue that Plaintiff has the burden to produce the medical records, and merely providing Defendants with signed authorization forms is insufficient. Defendants alternatively argue the Court should compel Plaintiff to supplement her discovery responses to provide information sufficient to serve subpoenas, including but not limited to the names and address of her medical providers.

In response, Plaintiff states that she does not have any medical records in her possession and does not remember the names of the medical providers who treated her for her whiplash in 2002. Plaintiff states that she has offered to sign authorization forms allowing Defendants to obtain medical records from United Healthcare, Plaintiff's insurance carrier at the time of the accident. Plaintiff argues that she has met her discovery obligation under the Federal Rules and therefore Defendants' motion should be denied.

## **DISCUSSION**

Federal Rule of Civil Procedure 34 governs requests for production. The rule permits a party to "serve on any other party" a request to produce or allow inspection of documents or tangible items that are "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a)(1). Rule 34 requests must fall within the scope of discovery as defined in Rule 26(b). *Clark*

1  *v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 471 (D. Nev.1998).

2  "Documents that are in the actual possession of a third person are deemed to be in the responding party's control if [the responding party] has the legal right to obtain them." *Sweeney v. The UNLV Research Foundation*, 2010 WL 1756875, *4 (D.Nev. 2010). Although "a party need not have actual possession of documents to be deemed in control of them," *Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D.Nev.1991), the responding party must have a legal right to obtain the requested documents before it can be deemed to have control of the documents for purposes of production under Rule 34. *Id.* "The relationship between the party and the person or entity having actual possession is central in each case." *Id.* The requisite relationship exists when the responding party is able to command release of the requested documents and is usually the result of statute, affiliation, or employment. *Vega Wholesale*, 181 F.R.D. at 472.

The question of whether the relationship between a plaintiff and a doctor is sufficient to establish control for purposes of compelling a response to a Rule 34 request was addressed in *Clark v. Vega Wholesale*. The court in *Vega Wholesale* held that

> [t]he relationship between the Plaintiff and her doctor is not sufficient to establish control. In fact, the Defendants can secure copies of the requested documents from the custodian of the records as readily as the Plaintiff. Proper use of the Federal Rules of Civil Procedure will allow for production of the medical records in the possession of physicians, hospitals, and other medical care providers. *See Neal v. Boulder*, 142 F.R.D. at 327; *see generally Estate of Young v. Holmes*, 134 F.R.D. at 294. . . .Consequently, the Defendants have complete access to all necessary information through the appropriate discovery provisions of the Federal Rules of Civil Procedure.

181 F.R.D. 470, 472. *See also Lopez v. Cardenas Markets, Inc.*, 2011 WL 4738111 (D.Nev. 2011)

The Court finds that the medical records and other documents from the 2002 and 2008 accidents may lead to admissible evidence and therefore are discoverable. Plaintiff is currently alleging several injuries including a closed head injury, neck pain, lumbar pain and left knee pain. Medical records and documents from any prior accident where Plaintiff sustained the same or similar injuries are relevant. The Court finds that Plaintiff does not have possession, custody or control of the medical records, and therefore Plaintiff is not obligated to produce such records under Rule 34. Defendants can secure copies of the relevant documents from the appropriate

medical provider and state or local agency as readily as Plaintiff.

Plaintiff has offered to produce signed authorization forms to allow the release of her medical records from United Healthcare to Defendants.  The Court however understands Defendants' concerns about locating the relevant medical records based on the limited information provided by Plaintiff.  The more information known to Defendants, the more efficiently Defendants can obtain the relevant records.  The Court will therefore order Plaintiff to supplement her responses to Interrogatory No. 9, to provide additional information relating to her 2002 and 2008 motor vehicle accidents and related medical care, including but not limited to the location including city, state and county of the accident, the name of the state or local agency that presided over the accidents, the names and addresses of all medical and insurance providers and any other identifying information known by Plaintiff or discovered through reasonable diligence.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Plaintiff to Produce Medical Records of Prior Motor Vehicle Accident (#118) is **granted** in part and **denied** in part.  Plaintiff shall supplement her response to Interrogatory No. 9, to provide additional information relating to her 2002 and 2008 motor vehicle accidents and related medical care, including but not limited to the location including city, state and county of the accident, the name of the state or local agency that presided over the accidents, the names and addresses of all medical and insurance providers and any other identifying information known by Plaintiff or discovered through reasonable diligence.  Plaintiff shall provide her supplemental response no later than **Wednesday, September 12, 2012.**

**IT IS FURTHER ORDERED** that Plaintiff shall provide Defendants with signed authorization forms allowing the release of any medical records related to her 2002 and 2008 motor vehicle accidents.

DATED this 28th day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge